Archie M. DONALD *v.* CITY OF WEST MEMPHIS

CA CR 02-1179                                133 S.W.3d 410

Court of Appeals of Arkansas
Division III
Opinion delivered December 3, 2003

*Archie M. Donald*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Archie M. Donald was convicted of third-degree battery in West Memphis Municipal Court on May 4, 1988. He was sentenced to one year in jail, fined

$1000.00, and ordered to pay court costs, and he appealed the conviction to Crittenden County Circuit Court. On June 17, 2002, Mr. Donald filed a motion to dismiss the third-degree battery conviction, arguing that he had yet to be brought to trial and that such delay constituted a violation of his right to a speedy trial. On July 15, 2002, the Crittenden County Circuit Court entered an order "setting aside affirmance of lower court judgment and dismissal." In its order, the trial court ruled that further prosecution of the case was barred by speedy trial rules and vacated the jail sentence imposed against Mr. Donald. The trial court also made the following ruling:

> The Court declines to order refund of fine and costs in this case given that defendant, Archie Donald, at no time appealed from or took any other action as relates to this pending municipal appeal until the year 2002, after defendant, Archie Donald, had paid the fine and costs levied by both courts in connection with his incarceration on another charge several months ago, thereby rendering the issues as relates to fine and costs moot by virtue of payment and waiver[.]

On August 2, 2002, Mr. Donald filed a timely notice of appeal from the trial court's July 15, 2002, order. On the same day, Mr. Donald filed a "motion for new hearing, or in the alternative, motion for reconsideration." In this motion, Mr. Donald alleged that he was arrested on March 30, 2000, for a speeding violation, and was required to pay a fine of $1099.35 relating to his 1988 conviction before being released from custody. Mr. Donald asserted that due to the speedy trial violation the fine was improperly imposed, and requested that the trial court enter an order directing the county clerk to refund his payment. On August 8, 2002, the trial court denied this motion.

Mr. Donald now appeals to this court, arguing that the circuit court erred by refusing to refund his payment of the fine and costs. He again asserts that he was required to pay the fine in March 2000 before being released from jail for a speeding violation, and contends that since the prosecutor and judge knew at the time that the time for speedy trial had elapsed, their actions were malicious and illegal. Mr. Donald asserts that he has been deprived of property without due process of law in violation of his Fifth Amendment rights. He further argues that he is entitled to a refund pursuant to Ark. Code Ann. § 16-96-509 (1987), which provides, "If judgment is rendered for the defendant, any money paid into

the circuit court which has been collected from the defendant on the original judgment shall be forthwith returned to the defendant."

■    We agree that the trial court erred to the extent it held that Mr. Donald was not entitled to a refund of any money previously paid into the circuit court on the judgment. The trial court acknowledged in its order that Mr. Donald paid the fine and costs related to his 1988 conviction in municipal court, and yet found that he was not entitled to repayment. This finding was contrary to the plain language of the applicable statute. The trial court's order of dismissal set aside the 1988 conviction, and constituted a "judgment rendered for the defendant" under Ark. Code Ann. § 16-96-509 (1987). As such, pursuant to the statute, any money paid by Mr. Donald into the circuit court that was collected on the original judgment should have been forthwith returned to him.

We affirm the trial court's order to the extent that it vacates appellant's 1988 third-degree battery conviction. However, we reverse the trial court's finding that Mr. Donald is not entitled to a refund for money paid to the circuit court that was collected from Mr. Donald on the original judgment.

Affirmed in part; reversed in part.

PITTMAN and ROAF, JJ., agree.